UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

L. YVONNE BROWN,

    Plaintiff,

v.                                                       Case No.:  2:20-cv-286-FtM-38MRM

ELISABETH DEVOS, UNITED
STATES DEPARTMENT OF
EDUCATION, FLORIDA GULF
COAST UNIVERSITY BOARD OF
TRUSTEES, KARL SMESKO,
KELLY BROCK and RODERICK
ROLLE,

    Defendants.
_____/

### **ORDER**[1]

Before the Court is Plaintiff L. Yvonne Brown's Notice of Compliance (Doc. 12).  In denying Brown's motion to proceed *in forma pauperis*, United States Magistrate Judge Mac R. McCoy ordered Brown to amend the original complaint or pay the filing fee and serve Defendants by June 29.  (Doc. 9 at 4).  Brown failed to do either on time, but eventually (on July 6) payed the fee and filed an amended complaint (Doc. 10).  Still, Brown never served Defendants, so the Court ordered her to show cause why the case should not be dismissed for failure to serve and failure to prosecute.  (Doc. 11).  That response—or proper service—was due July 22.  The Order warned failing to comply "will result in dismissal of this action without further notice."  (Doc. 11 at 2).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

After reviewing the Notice of Compliance, the Court dismisses without prejudice for failure to serve, failure to prosecute, and failure to comply with a Court Order.

Brown contends she served Defendants' counsel and includes a certified mail receipt for an unidentified person in Orlando. Liberally construing the filing, the Court notes the person represented Defendants Florida Gulf Coast University ("FGCU") and its employees in two other cases Brown brought against them. *Brown v. Fla. Gulf Coast Univ. Bd. or Trs.*, 2:18-cv-00157-JES-MRM (M.D. Fla.); *Brown v. Fla. Gulf Coast Univ. Bd. of Trs.*, 2:18-cv-00714-SPC-MRM (M.D. Fla.). Yet there is no indication this lawyer still represents FGCU. Nor does Brown explain if the attorney represents Defendants United States Department of Education and Secretary Elizabeth DeVos. What is more, Brown failed to file a return of service and only included a certified mail receipt. Generally "certified mail, even to an authorized agent, does not satisfy Rule 4's service requirements." *Thorpe v. Dumas*, 788 F. App'x 644, 648 (11th Cir. 2019) (interpreting Fed. R. Civ. P. 4). And nothing in the record suggests any Defendants waived service, so sending the amended complaint certified mail was improper. *Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 844 (11th Cir. 2020) ("First, service by certified mail was not proper under either federal or Florida law because [plaintiff] presented no evidence that the [defendants] waived personal service."). While certified mail can be a proper way to serve a United States agency, *see* Fed. R. Civ. P. 4(i), Brown has not done so. And finally, there is neither a summons nor a request for one in the record. A plaintiff must obtain and serve a summons along with the complaint. Fed. R. Civ. P. 4(b)-(c) ("A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served."). Thus, any service on Defendants could not have been

proper. See *Holliday v. Syndicate 3000 at Lloyd's Underwriters at London*, No. 8:17-cv-2063-T-33AEP, 2018 WL 2214648, at *3-4 (M.D. Fla. May 15, 2018).

Brown missed the service deadlines set by both this Court and Judge McCoy. This failure to serve or comply with the Court's Orders shows a lack of diligently prosecuting the case. And Brown offers no explanation for those deficiencies or why the Court should excuse them. For those reasons, the Court dismisses for failure to serve, failure to prosecute, and failure to comply with a Court Order (Doc. 11). If Brown intends to pursue these claims, she must file a new case and properly serve Defendants.

While not relevant to that determination, the Court notes the Complaint fails on the merits. As Judge McCoy explained, the statute at issue (FERPA) does not create a private right of action. (Doc. 9 at 3-4). That principle is binding Supreme Court precedent. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 287 (2002) ("[T]here is no question that FERPA's nondisclosure provisions fail to confer enforceable rights."); *id.* at 290 ("FERPA's nondisclosure provisions contain no rights-creating language, they have an aggregate, not individual, focus . . . . They therefore create no rights enforceable under § 1983."). And lower courts agree. *31 Foster Children v. Bush*, 329 F.3d 1255, 1269-70 (11th Cir. 2003); *Woodruff v. Hamilton Twp. Pub. Sch.*, 305 F. App'x 833, 837 (11th Cir. 2009); *Warren v. DeVry Univ., Inc.*, No. 1:18-cv-02595, 2019 WL 2344144, at *1 (N.D. Ga. Mar. 14, 2019). After receiving notice of this legal deficiency, Brown refiled an amended complaint alleging the same causes of action. This buttresses the decision to dismiss.

Accordingly, it is now

**ORDERED:**

(1) This case is **DISMISSED without prejudice** for failure to serve, failure to prosecute, and failure to comply with a Court Order (Doc. 11).

(2) The Clerk is **DIRECTED** to enter judgment, terminate any pending motions or deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of August, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record