UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

L. YVONNE BROWN,

    Plaintiff,

v.                                              Case No.: 2:20-cv-286-FtM-38MRM

ELISABETH DEVOS, UNITED
STATES DEPARTMENT OF
EDUCATION, FLORIDA GULF
COAST UNIVERSITY BOARD OF
TRUSTEES, KARL SMESKO,
KELLY BROCK, and RODERICK
ROLLE,

    Defendants.
_____/

**<u>ORDER</u>**[1]

Before the Court is Plaintiff L. Yvonne Brown's Motion to Vacate Order and Reinstate Case (Doc. 16). Also here is Brown's Motion for Additional Time to File Notice of Appeal (Doc. 15). The Court denies both Motions.

On July 8, the Court issued an Order to Show Cause on why the case should not be dismissed for failure to serve and prosecute. (Doc. 11). Brown responded on July 24 but did not provide a sufficient explanation. (Doc. 12). So on August 18, the Court dismissed for failure to serve, prosecute, and comply with a Court Order. (Doc. 13). Now, a month and a half later, Brown asks the Court to vacate

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

its Order dismissing the case. According to Brown, she suffered COVID-19 symptoms in "early July" and was self-quarantined in Texas until August 18. So Brown says she could not comply with the Order to Show Cause and did not know about the Court's dismissal Order until October 2.

Liberally construed, the Motion presents a request for relief from judgment under Federal Rule of Civil Procedure 60(b). *See Nisson v. Lundy*, 975 F.2d 802, 806 (11th Cir. 1992) (noting an untimely motion to amend under Rule 59 can be considered under Rule 60(b)). A court can relieve a party of a final judgment for the six reasons listed in Rule 60(b). The decision to grant a motion for reconsideration after judgment is within a trial court's sound discretion. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). While Brown does not argue entitlement to relief under any particular Rule, the basis most applicable to her argument is Rule 60(b)(1). *See Grant v. Pottinger-Gibson*, 725 F. App'x 772, 775 (11th Cir. 2018) (refusing to consider relief under Rule 60(b)(6) because circumstances offered by movant fell within Rule 60(b)(1)).[2]

A court may grant relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Excusable neglect is usually "an equitable inquiry turning on 'all relevant circumstances,' and the pertinent factors include 'the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the

---

[2] Even if Rule 60(b)(6) applied, the Court does not find extraordinary circumstances here.

movant acted in good faith.'" *Pottinger-Gibson,* 725 F. App'x at 775 (quoting *Cheney v. Anchor Glass Container Corp.,* 71 F.3d 848, 850 (11th Cir. 1996)). Typically, "Illness, by itself, will not support a finding of excusable neglect." *McGill v. Pinnacle Fin. Corp.,* No. 6:12-cv-1142-Orl-28TBS, 2013 WL 4046978, at *2 (M.D. Fla. Aug. 9, 2013) (citing *Lender v. Unum Life Ins. Co. of Am.,* 519 F. Supp. 2d 1217, 1223 (M.D. Fla. 2007)).

After reviewing the Motion and applicable law, Brown did not make a showing to justify vacating the Court's dismissal Order. To start, illness is not usually a sufficient reason to grant this relief. *E.g., id.* What is more, even if Brown were sick and self-quarantined, she still received and responded to the Order to Show Cause during that time. (Doc. 12). And Brown did not suggest she needed more time to comply with the previous extensions the Court gave. So there is no reason to vacate the Court's later dismissal Order—which was issued when Brown was apparently out of self-quarantine. Relatedly, if Brown did not receive the Court's dismissal Order, it resulted from failing to provide the Court with a current address. It is every party's duty to provide the Court with a current address. *E.g., Gerzon v. IHOP Rest. Corp.,* No. 8:17-CV-870-T-27TBM, 2017 WL 1954821, at *1 n.1 (M.D. Fla. May 10, 2017). The docket shows the Court mailed Brown the dismissal Order and it was not returned as undeliverable. In fact, Brown signed these filings with the same address in Texas on file with the Court. Finally, the Court gave Brown multiple chances to remedy the deficiencies, but those

opportunities were not taken. In short, Brown has not offered a reason to excuse her failure to serve, prosecute, or comply with a Court Order.

Turning to the Motion for extension of time, it fails for similar reasons. A court can "extend the time to file a notice of appeal if . . . [the movant] shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii). Brown tries to show neither. Nor does the Court find either present on these facts. Brown simply says an extension of time is necessary because the Motion to Vacate is pending and may obviate the need for an appeal. But Federal Rule of Appellate Procedure 4(a)(4)(A) already contemplates tolling for postjudgment motions in some circumstances. And Brown does not make any argument for why an extension is necessary here.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion to Vacate Order and Reinstate Case (Doc. 16) is **DENIED**.

(2) Plaintiff's Motion for Additional Time to File Notice of Appeal (Doc. 15) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 5, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4